Ex-PARTE JAMES C. McNAIR.

**Camp-meeting subject to city or village ordinances.**
When a camp-meeting is located within the limits of a city or village it is subject to the ordinances of such city or village, and a person duly licensed by such village to sell articles of food or drink within the limits of the corporation is not required to take out a permit from the managers of such meeting to sell such articles.

APPLICATION for writ of habeas corpus.

*W. J. Lamb*, for the application.

*H. H. Wilson* and *A. C. Ricketts*, contra.

BY THE COURT.

The petitioner was convicted before a justice of the peace of selling two glasses of lemonade in the village of Bennett and was fined $20 and costs and committed to jail until the same was paid. He now presents his petition to this court for a writ of habeas corpus. It appears from the record that a camp meeting was being held in a grove within the corporate limits of the village of Bennett, and that the petitioner received a license from the village

authorities of said village to establish a booth at the entrance gate of the camp ground to sell lemonade, and that in pursuance of such license he did erect a booth and sell the lemonade, for which he was arrested and convicted. The prosecution is brought under the provisions of an act "for the prevention of certain immoral practices," approved Feb. 17, 1877. (Laws 1877, 6; Comp. Stat., 338.)

Sec. 1 provides that no person shall sell or expose for sale, give, barter, or otherwise dispose of in any way or at any place, any spirituous or other liquors, or any article of traffic whatever, at or within the distance of three miles from the place where any religious society or assemblage of people are collected or collecting together for religious worship in any field or woodland. *Provided*, That nothing contained in this act shall affect tavern-keepers exercising their calling, or distillers, manufacturers, or others, in prosecuting their regular trades at their places of business, or any persons disposing of any articles of provisions, excepting spirituous liquors, at their residences, nor any persons having a written permit from the trustees or managers of such religious society or assemblage to sell provisions for the supply of persons attending such religious worship, their horses or cattle, such persons acting in conformity to the regulations of said religious assembly and the laws of the state."

The second section provides the penalty for a violation of the law.

The design of this statute was not to supersede or interfere with the police regulations of a city or village, but to bestow upon the trustees of an encampment power to supply such police regulations to the extent stated where they do not otherwise exist. Thus, if a camp meeting is located in a field or woodland and entirely without the limits of a city or village, any person selling articles of food or drink at any other place than their residence or place of business must have a written permit from the trustees or managers

of such camp-meeting to sell said articles. Otherwise, they will be liable under the act. The object of the statute is not to grant a monopoly of the business of selling food and drink, but to prevent disturbance of the meeting. If the meeting is located within the limits of a village it will be subject to the ordinances of such village, and the permits of the managers of the meeting will be effective only when they are not in conflict with such ordinances. In the case at bar, the village authorities had authority to grant the license in question, and this was sufficient authority to the petitioner to pursue his business at the place designated. The petitioner must therefore be discharged.

JUDGMENT ACCORDINGLY.